UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALVIN REID, | Civil Action No. 21-19010 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. SALEM, et al, | |
| Defendants. | |

**IT APPEARING THAT:**

1. On October 18, 2021, Plaintiff Alvin Reid filed this civil rights matter in which he seeks to raise various claims related to events which occurred while he was incarcerated in a state prison in October 2019. (ECF No. 1). He thereafter filed an application to proceed *in forma pauperis* (ECF No. 4) on October 28, 2021.

2. Having reviewed Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted.

3. Because Plaintiff's *in forma pauperis* application shall be granted, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. In his complaint, Plaintiff alleges that in late October 2019, he "wanted to do a hunger strike," but rather than being permitted to do so, a prison extraction team came to his cell and forcibly removed him, striking him repeatedly in various places in the process. (ECF No. 1 at 3-

4). Plaintiff alleges that he suffered various bone and nerve injuries as a result of this attack which required an MRI, but prison doctors declined to provide him with one. (*Id.* at 5). Plaintiff does not clarify whether any of the named Defendants, most of whom are supervisory officials at the prison, were involved in either the attack which resulted in his injuries or in the denial of an MRI or proper treatment afterward.[1] (*Id.* at 3-5). Likewise, although Plaintiff does state that Dr. Salem, the head of mental health at the prison, "denied" him treatment, he does not delineate what treatment he sought from Dr. Salem sufficient to know whether Dr. Salem was actually involved in the denial of treatment following the alleged assault by prison officers, or if Dr. Salem was involved in some other unspecified denial of mental health treatment. (*Id.*).

6. To plead a plausible claim for relief under § 1983, a plaintiff must allege facts indicating that the named defendants had personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *Murphy v. Middlesex County*, 361 F. Supp. 3d 376, 387 (D.N.J. 2019) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). Under a "knowledge and acquiescence" theory of supervisor liability, a plaintiff must plead that the defendant had actual knowledge of the wrongdoing. *Rode*, 845 F.2d at 1207; *Chavarriaga*, 806 F.3d at 222. As Plaintiff pleads no facts connecting the named

---

[1] Because Plaintiff used a PDF form complaint provided by the Clerk of the Court and overfilled the boxes meant for allegations with text, several portions of his complaint have been cut off in the version submitted to the Court and the Court therefore lacks an ability to review all of the allegations Plaintiff sought to make. (*See* ECF No. 1 at 3-4). If Plaintiff chooses to file an amended complaint, rather than overfill those boxes, he should attach additional pages containing his allegations.

Defendants other than Dr. Salem to any of his claims, and instead appears to be seeking to hold them responsible for the actions of their subordinate officers[2] and medical staff who allegedly assaulted Plaintiff and then denied him treatment, Plaintiff has failed to plead a plausible claim for relief against any of the named Defendants other than Dr. Salem at this time, and Plaintiff's claims against Defendants other than Dr. Salem are dismissed without prejudice as such.

7. Turning to Dr. Salem, Plaintiff pleads only that the doctor "denied [him] medical treatment to this day," without identifying what treatment was sought from Dr. Salem, or what treatment was specifically denied.  In order to plead a plausible claim for relief under § 1983 for the denial of treatment, a plaintiff must allege both a serious medical need and acts or omissions by the named defendants indicating that those defendants were aware of and recklessly disregarded that need.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  Plaintiff's bare allegation that Dr. Salem, who Plaintiff alleges is a mental health official and thus is unlikely to have been responsible for the treatment of Plaintiff's physical injuries, denied him treatment fails to identify either the serious medical need Dr. Salem failed to treat or any acts or omissions by the doctor showing he was aware of and disregarded those needs, and Plaintiff therefore fails to state a plausible claim for relief as to Dr. Salem.  Plaintiff's claim against Dr. Salem is therefore dismissed without prejudice.

8. As this Court will dismiss all of Plaintiff's claims, Plaintiff's complaint is dismissed without prejudice.  Because it is clear that Plaintiff has additional facts he wishes the Court to consider insomuch as the form he submitted contained cut-off, unfinished paragraphs, and because

---

[2] Plaintiff does briefly mention that Defendant Sgt. Calichillo "came to extract [him]" on October 18, 2019, prior to the alleged assault and extraction, (ECF No. 1 at 3), but he does not present any allegation in his current complaint that the sergeant was actually involved in the alleged assault, and it thus appears that the sergeant is pled as a Defendant based on his supervisory role over the alleged assaulting officers.

it appears that Plaintiff may well be able to plead plausible claims for relief against at least some Defendants were he to add specific allegations as to which Defendants were involved in the alleged wrongs, this Court will permit Plaintiff to file an amended complaint within thirty days.  An appropriate order follows.

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge
Dated: November 1, 2021
